IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

United States Courts
Southern District of Texas
FILED

MAR 2 2 2007

Michael N. Milby, Clerk of Court

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § Plaintiff, § § v. § § COASTAL TRANSPORATION SERVICES, § INC. D/B/A COASTAL MEDICAL § SERVICE OF TEXAS, § § Defendant. § | Civil Action No. V - 07 - 36 COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and retaliation and to provide appropriate relief to Georgia Lale and a class of similarly situated females who were adversely affected by such practices. More specifically, the Equal Employment Opportunity Commission (the "Commission") alleges that one of the owners of Coastal Transportation Services, Inc. d/b/a Coastal Medical Service of Texas ("Coastal Transportation") sexually harassed Georgia Lale and a class of similarly situated females by subjecting her to, among other things, repeated unwelcome sexual comments and advances in violation of Section 703(a) of Title VII. In addition, the Commission alleges that Coastal Transportation retaliated against Georgia Lale by, among other things, discharging her for complaining of this hostile work environment in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Victoria Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Coastal Transportation, has continuously been a Texas Corporation doing business in the State of Texas and the City of Victoria, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Coastal Transportation has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Georgia Lale filed a charge with the Commission alleging violations of Title VII by Defendant Coastal Transportation. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2003, Defendant Coastal Transportation engaged in unlawful employment practices at its Victoria, Texas, facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) including the following:

    a.    Subjecting Georgia Lale and a class of similarly situated females to a sexually hostile work environment based on their sex, female, when one of the owners repeatedly made unwelcome sexual advances; and

    b.    retaliated against Georgia Lale by, among other things, discharging her for complaining of this hostile work environment in violation of Section 704(a) of Title VII.

8. The effect of the practices complained of in paragraph seven above has been to deprive Georgia Lale and a class of similarly situated females of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex, female, and in retaliation for opposing such unlawful practices.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Georgia Lale and a class of similarly situated females.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Coastal Transportation, its officers, successors, assigns, and all persons in active concert or participation with it, from subjecting its female employees to sexually hostile work environments because of their sex and from any other employment practice which discriminates on the basis of sex;

B. Grant a permanent injunction enjoining Defendant Coastal Transportation, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any form of retaliation;

C. Order Defendant Coastal Transportation to institute and carry out policies,

practices, and programs, which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

D.  Order Defendant Coastal Transportation to make whole Georgia Lale by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of Georgia Lale or front pay in lieu thereof;

E.  Order Defendant Coastal Transportation to make whole Georgia Lale and a class of similarly situated females by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including, but not limited to, relocation expenses, medical expenses and job search expenses, in an amount to be determined at trial;

F.  Order Defendant Coastal Transportation to make whole Georgia Lale and a class of similarly situated females by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including, but not limited to, emotional pain, suffering, humiliation, anxiety, inconvenience, and loss of enjoyment of life, in an amount to determined at trial;

G.  Order Defendant Coastal Transportation to pay Georgia Lale and a class of similarly situated females punitive damages for its malicious and/or reckless conduct described in paragraph seven above, in an amount to be determined at trial;

H.  Grant such further relief as the Court deems necessary and proper in the public interest; and

I.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*[signature: Robert A. Canino by permission Robert B. Harwin]*
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

*[signature: Robert B. Harwin]*
ROBERT B. HARWIN
Associate Regional Attorney
District of Columbia Bar No. 076083

*[signature]*
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas Bar No. 19708300
Federal ID No. 14850
e-mail: judith.taylor@eeoc.gov

*[signature]*
DAVID RIVELA
Trial Attorney
Texas State Bar No. 00797324
Federal ID No. 32914
e-mail: david.rivela@eeoc.gov
Attorney-In-Charge

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**