UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. V-07-36 |
| | § | |
| COASTAL TRANSPORTATION SERVICES, INC., *et al*, | § § § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the court are Plaintiff, Georgia Lale's ("Lale") Motion to Consolidate (dkt. #3) and Motion to Intervene (dkt. #13). Both motions are opposed and after considering the motions, responses thereto, and the applicable law, the court is of the opinion that Plaintiff's Motion to Consolidate should be DENIED and her Motion to Intervene should be GRANTED.

### Facts and Procedural History

On March 22, 2007, the Equal Employment Opportunity Commission ("EEOC") filed suit against Coastal Transportation Services, Inc. ("Coastal") on behalf of Georgia Lale and those similarly situated claiming actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et seq.*, to correct unlawful employment practices. Specifically, the EEOC alleges that one of the owners of Coastal sexually harassed Lale and other female employees and subsequently retaliated against Lale by discharging her for complaining of this hostile work environment. The EEOC seeks permanent injunctive relief prohibiting such practices, as well as backpay for Lale, damages for any pecuniary loss resulting from the unlawful employment practices for Lale and the class of similarly situated females, and punitive damages.

Prior to the EEOC filing suit, Lale individually filed suit against Coastal under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for unpaid overtime compensation on February 1, 2006 (6:06-

cv-10). Although the court has yet to grant Lale leave to amend her complaint, her Second Amended Complaint adds Robert Hendrick, Coastal's office manager, as a defendant. Lale alleges Hendricks slandered her when he wrongfully accused Lale of stealing money and adds allegations of intentional infliction of emotional distress stemming from the slanderous comments. Lale now seeks to consolidate these cases arguing that the facts and legal issues in both cases are substantially similar.

## Discussion

Under Federal Rules of Civil Procedure the court may consolidate actions pending before the court when the actions involve common questions of law or fact and would avoid unnecessary costs or delay. FED. R. CIV. P. 42(a); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 (5th Cir. 1992). The power of the court to consolidate is purely discretionary. *Id.* The court should however "be most cautious" to make sure that the rights of the parties are not prejudiced by consolidation. *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966).

With these general principles in mind, the court finds that consolidation is inappropriate for these cases. The only common factor between these two cases is the defendant. Otherwise, the claims in each case arise from separate facts and involve different issues of law. The court finds consolidating an overtime pay case with a Title VII sexual harassment case would unduly prejudice the defendant. The conservation of judicial resources does not outweigh the potential prejudice and confusion of the issues presented by attempting to consolidate these cases. Therefore, the court will deny Lale's motion to consolidate. To the extent the parties agree to consolidate any pretrial discovery in order to avoid unnecessary costs, the parties are encouraged to submit an agreed motion to the court.

The motion to intervene, however, will be granted. Federal Rule of Civil Procedure provides that "[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene." FED. R. CIV. P. 24(a)(1). Title VII grants an aggrieved party the option to intervene as a matter of right in civil enforcement actions brought by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 291

(2002); *E.E.O.C. v. Wackenhut Corp.,* 939 F.2d 241, 243 n.5 (5th Cir. 1991). In her Complaint in Intervention, Lale alleges the same facts of sexual harassment and retaliation as the EEOC in its complaint. The court finds that common questions of law and fact exist, and it would be inefficient and duplicative to deny Plaintiff's motion to intervene into the EEOC's suit filed on her behalf. *See E.E.O.C. v. Royer Homes of Miss., Inc.,* 48 Fed. Appx. 917, *1 (allowing employee to intervene in EEOC suit when she made the same allegations that her employer violated Title VII by discriminating against her on the basis of sex and retaliating against her because she engaged in protected conduct). Consequently, the court will grant Lale's motion to intervene.

## Conclusion

For the reasons stated, the court will DENY Plaintiff's Motion to Consolidate (dkt. #3) and will GRANT Plaintiff's Motion to Intervene (dkt. #13).

It is so ORDERED.

SIGNED this 20th day of July, 2007.

*John D. Rainey*
John D. Rainey
United States District Judge

3